1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8    ANDREA D.,

                         Plaintiff,

9

           v.

10

      COMMISSIONER OF SOCIAL SECURITY,

11

                         Defendant.

12

Case No. C23-0808 RSM

**ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING
FOR FURTHER PROCEEDINGS**

13        Plaintiff seeks review of the denial of his application for Supplemental Security Income

14    (SSI).  In his Opening Brief, Plaintiff contends the ALJ erred by rejecting his symptom

15    testimony and medical opinion evidence.  Dkt. 8.  As discussed below, the Court **REVERSES**

16    the Commissioner's final decision and **REMANDS** the matter for further administrative

17    proceedings under sentence four of 42 U.S.C. § 405(g).

18                                    **BACKGROUND**

19        Plaintiff is 35 years old, has at least a high school education, and has worked as a janitor,

20    swimming pool servicer, and office helper.  Admin. Record (AR) 25.  In April 2020, Plaintiff

21    applied for benefits, alleging disability as of December 1988.  AR 85, 94.  Plaintiff's application

22    was denied initially and on reconsideration.  AR 92, 102.  After the ALJ conducted a hearing in

23    April 2022 (AR 34–70), the ALJ issued a decision finding Plaintiff not disabled.  AR 12–33.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 1

1   Plaintiff now seeks judicial review of the ALJ's decision.[1]

2                                    **DISCUSSION**

3          The Court may reverse the ALJ's decision only if it is legally erroneous or not supported

4   by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The Court

5   must examine the record but cannot reweigh the evidence or substitute its judgment for the

6   ALJ's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to

7   more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*,

8   950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error

9   that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

10         **1.        Plaintiff's Symptom Testimony**

11         Plaintiff testified he has anxiety, depression, and mania.  AR 39–40, 59–62.  Plaintiff also

12  testified to pain in his back, shoulder, and neck.  AR 53, 55.  He explained he can walk for 10 to

13  15 minutes before his back, shoulder, and neck start to hurt.  AR 55.  He stated he can sit upright

14  for 30 minutes to an hour before he has to lay down.  *Id*.  He stated he has to recline for two to

15  three hours in an eight-hour period, can carry up to 15 pounds, and has reaching limitations.  AR

16  56–57.  Plaintiff further testified he has migraines twice a month with medication and daily

17  without, with each migraine lasting one to three days a week.  AR 57–58.  He stated that when

18  his migraine is bad, he spends most of his days in bed.  *Id*.

19         Where, as here, an ALJ determines a claimant has presented objective medical evidence

20  establishing underlying impairments that could cause the symptoms alleged, and there is no

21

22  [1] In September 2023, Plaintiff filed his Opening Brief, and Defendant's Response followed in November 2023.
    Dkts. 8, 13.  Plaintiff then inadvertently filed the optional Reply Brief under a different case number.  In December
    2023, the Court instructed Plaintiff to re-file the Reply Brief under the correct case number.  Dkt. 14.  As of the
23  filing of this decision, Plaintiff had not re-filed the Reply Brief, therefore the Court considered only Plaintiff's
    Opening Brief and Defendant's Response Brief.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 2

1    affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to

2    symptom severity by providing "specific, clear, and convincing" reasons supported by

3    substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  "The standard

4    isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that

5    it has the power to convince."  *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

6         In rejecting Plaintiff's testimony regarding his physical symptoms, the ALJ cited

7    Plaintiff's examinations.  AR 21–22.  "When objective medical evidence in the record is

8    *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as

9    undercutting such testimony."  *Smartt*, 53 F.4th at 498.  The evidence the ALJ pointed to shows

10   there was some decrease in sensation in the base of Plaintiff's neck, but no need for surgery.  AR

11   459.  After Plaintiff endorsed leg pain and frequent falls, his treating sources noted the symptoms

12   could be due to cervical stenosis.  AR 523.  However, subsequent treatment notes show stable

13   imaging that indicated "no cause for symptoms" relating to Plaintiff's spine or brain, and "no

14   evidence" of disease in Plaintiff's cervical spine cord, though there he did have decreased lumbar

15   range of motion.  AR 518, 853, 1294–95, 1382.  Regarding Plaintiff's reaching limitation, the

16   ALJ noted his MRI was stable, and that there was scant evidence supporting Plaintiff's report of

17   pain in his elbow area.  *See* AR 503, 516, 523, 1313.  Given the normal imaging and

18   examinations, the ALJ could reasonably find Plaintiff's testimony regarding his standing, sitting,

19   walking, and reaching limitations not as severe as alleged.

20        In rejecting Plaintiff's testimony regarding his migraines, the ALJ cited Plaintiff's reports

21   of improvement from medication.  *See* 20 C.F.R. § 416.929(c)(3) (the effectiveness of

22   medication and treatment are relevant to the evaluation of a claimant's alleged symptoms).  The

23   record shows Plaintiff continued to have "minimal headaches" and they had "dramatically

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 3

1   improved." *See* AR 460, 523.  Plaintiff states this was not contradictory to his testimony.  Dkt. 8

2   at 4.  However, Plaintiff also testified his migraines last one to three days and require him to lay

3   down.  *See* AR 58.  The debilitating nature of his migraines as described by Plaintiff is not

4   reflected in the records, therefore the Court cannot say the ALJ unreasonably rejected this

5   portion of his testimony.

6       However, the ALJ did err in rejecting Plaintiff's testimony regarding his mental health

7   symptoms based on his mental status examinations and reports of improvement from medication.

8   *See* AR 22–23.  The evidence the ALJ cited does show Plaintiff found his concentration and

9   ADHD symptoms managed at times, and there were occasions where he denied any recent major

10  depressive or manic episodes.  *See* AR 810, 819, 822, 1202, 1232–33.  But they also indicate the

11  severity of Plaintiff's symptoms varied.  For example, Plaintiff continued to report agitation,

12  difficulties with sleeping, and worsening anxiety.  AR 1209, 1216, 1237, 1418–21, 1425, 1467.

13  His mental status examinations did show he was logical, oriented with normal judgment, and had

14  intact cognition, but Plaintiff was also stressed, with impaired concentration or in a depressed

15  mood.  AR 1203, 1210, 1233, 1418–21.

16      In sum, in rejecting Plaintiff's testimony, the ALJ partially erred.  While objective

17  medical evidence supports the ALJ's finding that Plaintiff's physical symptoms are not severe as

18  alleged, the record shows Plaintiff's mental health symptoms varied in intensity and severity.

19  Therefore, the ALJ's decision to reject Plaintiff's testimony regarding his mental health

20  symptoms was erroneous.

21      **2.    Medical Opinion Evidence**

22      ALJs must consider every medical opinion in the record and evaluate each opinion's

23  persuasiveness, with the two most important factors being "supportability" and "consistency." !

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 4

1   *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 416.920c(c).  The ALJ is

2   specifically required to consider the two most important factors, supportability and consistency.

3   20 C.F.R. § 416.920c(a).  The supportability factor requires the ALJ to consider the relevance of

4   the objective medical evidence and the supporting explanations presented by the medical source

5   to justify their opinion.  20 C.F.R. § 416.920c(c)(1).  The consistency factor involves

6   consideration of how consistent a medical opinion is with the other record evidence.  20 C.F.R. §

7   416.920c(c)(2).  Further, under the new regulations, "an ALJ cannot reject an examining or

8   treating doctor's opinion as unsupported or inconsistent without providing an explanation

9   supported by substantial evidence."  *Woods*, 32 F.4th at 792.

10                  **a.      Dr. Petersen**

11          Dr. Petersen opined Plaintiff is limited to sedentary work, would have to take

12   unscheduled work breaks of 15 minutes during a typical eight-hour workday, and would be

13   absent for three or more days per month due to his mental impairments.  AR 1288–90.

14          The ALJ rejected Dr. Petersen's opinion for its inconsistency[2] with treatment notes

15   showing improvement from medication, stable imaging results, Plaintiff's physical examinations,

16   and Plaintiff's ability to travel.  AR 24.  How consistent a medical opinion is with other evidence

17   from the record is a factor the ALJ must consider.  20 C.F.R. § 416.920c(c)(2).  The ALJ's

18   assessment is not entirely supported by substantial evidence.  The ALJ does not specifically cite

19   the records he considered, so the Court assumes the treatment notes he was referring to were

20   those discussed earlier in his decision.  *See* AR 24.  As discussed in the previous section, the

21

22   ─────────────────────

23   [2] The ALJ wrote Dr. Petersen's opinion "is not supported by" the record.  *See* AR 24.  However, the Court construed this as an inconsistency finding, rather than a supportability finding, because the ALJ proceeded to evaluate Dr. Petersen's opinion against "the evidence from other medical sources and nonmedical sources."  *See* 20 C.F.R. § 416.920c(c)(2).

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 5

1    records the ALJ discussed pertaining to Plaintiff's physical symptoms show normal findings and

2    reports of improvement from medication.  AR 518, 853, 1294–95, 1382.  However, treatment

3    notes regarding Plaintiff's mental health symptoms show that while some of Plaintiff's

4    symptoms were managed, the levels of his agitation, anxiety, and depression varied, even with

5    medication.  AR 1233, 1418–21, 1425, 1467.  The record also shows that during Plaintiff's

6    travels, his symptoms worsened.  *See* AR 1418 ("states anxiety has worsened, due to the

7    increased stress," "slightly tangential and is more distractable"), 1388 ("[w]orsening irritability,"

8    "[e]motional 'breakdowns' and fatigue/sleepiness," "[p]ositive for dysphoric mood").  Given

9    these records, the Court cannot say the ALJ reasonably found Dr. Petersen's opinion inconsistent

10   with Plaintiff's record.  Thus, in rejecting his opinion for its inconsistency, the ALJ erred.

11                    **b.      Ms. McMurray**

12         Ms. McMurray opined Plaintiff has marked limitations in his ability to carry out short

13   and simple instructions on a consistent basis; maintain and concentration for extended periods;

14   maintain regular attendance and tolerate the stress of a typical work environment; interact

15   appropriately with the general public coworkers; accept instructions and respond appropriately to

16   supervisors; and maintain socially appropriate behavior.  AR 1405.

17         The ALJ first rejected her opinion because it was not supported by her own treatment

18   notes.  AR 24.  How a medical source supports her opinion with relevant objective medical

19   evidence and supporting explanations is a factor the ALJ must consider.  20 C.F.R. §

20   416.920c(c)(1).  The ALJ's finding that Ms. McMurry's opinion lacks supportability is not

21   supported by substantial evidence, as her treatment notes included no mental status

22   examinations, but rather notes on Plaintiff's increased stress, fatigue, and depression symptoms.

23   *See* AR 1531–46.  Further, Ms. McMurray's observations are not necessarily at odds with her

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 6

1  opinion, therefore the Court cannot say the ALJ's finding was reasonable.

2       The ALJ also found Ms. McMurray's opinion inconsistent with Plaintiff's improvement

3  from medication and activities.  AR 24–25.  But as previously stated, the records the ALJ

4  discussed do not substantially show his mental symptoms were controlled or had improved,

5  especially his anxiety and depression.  Therefore, in rejecting Ms. McMurray's opinion for its

6  inconsistency, the ALJ erred.

7       **3.       Scope of Remedy**

8       Plaintiff requests this Court remand for this case for an immediate award of benefits.

9  Dkt. 8 at 8.

10      Remand for an award of benefits "is a rare and prophylactic exception to the well-

11 established ordinary remand rule."  *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  The

12 Ninth Circuit has established a three-step framework for deciding whether a case may be

13 remanded for an award of benefits.  *Id.* at 1045.  First, the Court must determine whether the ALJ

14 has failed to provide legally sufficient reasons for rejecting evidence.  *Id.* (citing *Garrison v.*

15 *Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).  Second, the Court must determine "whether the

16 record has been fully developed, whether there are outstanding issues that must be resolved

17 before a determination of disability can be made, and whether further administrative proceedings

18 would be useful."  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014)

19 (internal citations and quotation marks omitted).  If the first two steps are satisfied, the Court

20 must determine whether, "if the improperly discredited evidence were credited as true, the ALJ

21 would be required to find the claimant disabled on remand."  *Garrison*, 759 F.3d at 1020.  "Even

22 if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is

23 within the court's discretion either to make a direct award of benefits or to remand for further

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 7

1 proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

2       Only the first step is met here, as the Court has found the ALJ erred in evaluating

3 Plaintiff's testimony regarding his mental health symptoms and the medical opinion evidence.

4 However, they remain contradicted by other evidence the in the record.  The ALJ must resolve

5 contradicting evidence before the Court can proceed to the third step.  *Dominguez v. Colvin*, 808

6 F.3d 403, 409 (9th Cir. 2015) ("[T]he district court must 'assess whether there are outstanding

7 issues requiring resolution *before* considering whether to hold that [the rejected evidence] is

8 credible as a matter of law.'") (quoting *Treichler*, 775 F.3d at 1105).  Plaintiff also has not

9 analyzed the factors the Court considers before remanding for an award of benefits, nor shown

10 any rare circumstances.  Accordingly, the Court finds remanding for further proceedings is the

11 more appropriate remedy.

12       On remand, the ALJ shall reevaluate Plaintiff's testimony regarding his mental health

13 symptoms and the medical opinion evidence, all relevant steps of the disability evaluation

14 process, and conduct any necessary proceedings to reevaluate the disability determination in

15 light of this order.

16                              **CONCLUSION**

17       For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this

18 case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. §

19 405(g).

20       DATED this 30th day of January, 2024.

21

22

                                RICARDO S. MARTINEZ

23                                 UNITED STATES DISTRICT JUDGE

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 8